**UNITED STATES of America, Plaintiff,**

v.

**760.807 ACRES OF LAND, MORE OR LESS, SITUATE IN the CITY AND COUNTY OF HONOLULU, STATE OF HAWAII, et al., Defendants.**

**Civ. No. 80–0504.**

United States District Court, D. Hawaii.

Dec. 7, 1982.

Daniel A. Bent, U.S. Atty., Honolulu, Hawaii, Thomas P. Carolan, J. William Boone, Sp. Asst. U.S. Attys., Land & Natural Resources Div., U.S. Dept. of Justice, Washington, D.C., for plaintiff.

Clinton R. Ashford, Charles B. Dwight, III, Ashford & Wriston, Honolulu, Hawaii, for F.E. Trotter, Inc., W.H. McVay, Inc., P.R. Cassiday, Inc., and H.C. Cornuelle, Inc., Trustees under the Will and of the Estate of James Campbell, Deceased.

Philip J. Leas, Nancy J. Stivers, Cades, Schutte, Fleming & Wright, Honolulu, Hawaii, for Oahu Sugar Co., Ltd.

Grant Tanimoto, Deputy Atty. Gen., Tany S. Hong, Atty. Gen., State of Hawaii, Honolulu, Hawaii, for George Freitas, Director of Taxation, State of Hawaii.

## AMENDMENT OF ORDER DENYING PLAINTIFF'S MOTION TO STRIKE

SAMUEL P. KING, Chief Judge.

On January 7, 1982, this Court denied in part plaintiff's Motion to Strike a defense involving the valuation of sugar cane crops involved in this condemnation proceeding. *See United States v. 729.773 Acres of Land, More or Less,* 531 F.Supp. 967 (D.Hawaii 1982). Specifically, the Court held that when the United States government takes a parcel of land for public use, a lessee of that parcel is entitled to separate compensation for "the market value of his immature crops as of the day of taking." *Id.* at 975. A more accurate statement of the law, however, is that a lessee is entitled to the market value of his crops at the date of their maturation or harvest, as determined as of the day of taking. *See United States v. 576.734 Acres of Land, More or Less,* 143 F.2d 408, 409–10 (3d Cir.1944).

The Order Denying In Part Plaintiff's Motion to Strike is hereby amended in accordance with the foregoing.